IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERRY JAY WRENN,                                  Civ. No. 06-343-AA

       Petitioner,                        OPINION AND ORDER

   v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION and
BRIAN BELLEQUE, Superintendent,
Oregon State Penitentiary,

       Respondents.

---

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR  97204
    Attorney for petitioner

Lester R. Huntsinger
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
    Attorney for Respondents

1 - OPINION AND ORDER

AIKEN, Judge:

Petitioner Jerry Wrenn, an inmate at Oregon State Penitentiary, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner argues that the Oregon Board of Parole (the Board) violated the *Ex Post Facto* Clause of the United States Constitution when it implemented statutes and regulations adopted after the commission of his offenses and denied him re-release on parole by a concurring vote of two Board members. Petitioner seeks an order requiring the Board to reopen his Future Disposition Hearing and conduct it in accordance with the regulations in effect at the time of his offenses. The petition is denied.

## I.  BACKGROUND

In 1989, petitioner committed and was convicted of two counts of first-degree robbery and one count first-degree attempted assault. Petitioner was sentenced to indeterminate, consecutive sentences of sixteen years on the robbery counts and an additional indeterminate sentence of ten years on the assault count. In 1990, petitioner was convicted of first-degree robbery with a firearm and sentenced to an indeterminate term of twenty years with a ten-year minimum, with the sentence to run concurrently with the 1989 sentences. The Board established a matrix sentencing range of 90 to 130 months and set petitioner's release date in July 1997.

Petitioner was released on parole, and in March 1998 he

reoffended by committing the offenses of delivery of a controlled substance and felon in possession of a firearm.  Petitioner pled guilty to these offenses and was sentenced to consecutive, determinate terms totaling fifty-five months imprisonment.

In July 1998, the Board revoked early release, and petitioner was paroled to prison to serve the determinate sentences.

In May 2002, the Board revoked petitioner's parole a second time after he received a misconduct report in prison. Petitioner's 1998 determinate sentences were completed later that month, and he was released in November 2002 after serving his parole sanction.

Soon after, petitioner was charged with felon in possession of a firearm.  In February 2003, the Board revoked petitioner's parole and scheduled a Future Disposition Hearing.

In August 2003, petitioner was found guilty of the 2002 firearm charge pursuant to a stipulated facts trial and sentenced to a determinate sentence of thirty months.

In December 2003, the Board conducted petitioner's Future Disposition Hearing to determine whether to deny him re-release on parole or to establish a new parole release date.  The hearing was conducted by two members of the three-person Board:  Vice-Chair Michael Washington and Member Cindy Hanners.  Washington and Hanners found several aggravating factors warranted the finding that petitioner could not be adequately controlled in the community and denied petitioner's re-release on parole. The Board established

a new parole date of January 2, 2020, noting that a final release date must be determined by the Oregon Department of Corrections.

Petitioner sought administrative review of the Board's decision, arguing that his Future Disposition Hearing must be conducted in accordance with the rules in effect at the time of his offenses, which required a vote of four members of the Board to deny re-release on parole. Washington upheld the Board's decision, noting that the applicable statutes and regulations in effect at the time of petitioner's offenses authorized the Board to revoke parole and require that he serve the remaining balance of any sentence imposed if the Board found certain aggravating factors.

Petitioner sought judicial review of the Future Disposition Hearing in the Oregon Court of Appeals, asserting an *ex post facto* violation. The Court of Appeals, citing Butler v. Board of Parole, 194 Or. App. 164, 94 P.3d 149 (2004), found that petitioner failed to assert a "substantial question of law" and dismissed the request for review. Petitioner sought and was denied review by the Oregon Supreme Court.

Petitioner now seeks relief pursuant to 28 U.S.C. § 2254, again arguing that the Board's denial of re-release by simple majority of a three-member Board violated the prohibition against *ex post facto* punishment.[1]

---

[1] Petitioner also claimed a due process violation in his pro se petition. This claim was not briefed and I consider it waived.

4 - OPINION AND ORDER

## II.  DISCUSSION

At the time of petitioner's offenses, the Board was comprised of five members.  See *former* Or. Rev. Stat. § 144.005(1) (1989). Further, *former* Or. Admin. R. 254-175-090 (1989) required that four board members vote to deny re-release to a parole violator.  In 1991, the Oregon legislature amended § 144.005(1) to allow at least three but not more than five Board members.  Consequently, at the time of petitioner's 2003 future disposition hearing, the Board consisted of three members.  Further, at the time of petitioners hearing, Or. Amin. R. 255-075-0096(1) authorized the denial of re-release by "the affirmative vote of a majority of [the Board's] members."  See also Butler 194 Or. App. at 167, 94 P.3d 149.

Petitioner argues that the denial of his re-release on parole violated the constitutional prohibition against the imposition of *ex post facto* laws, because the denial was based on the vote of two members of a three-person board, rather than four members of a five person board as was required at the time of his offenses. Petitioner argues that the reduction in the number of board members necessary to deny re-release created the likelihood that his punishment would be increased.

"The standard for determining whether a law or regulation violates the Ex Post Facto Clause has two components.  First, the regulations must have been applied retroactively to the defendant. Second, the new regulations must have created a 'sufficient risk'

5 - OPINION AND ORDER

of increasing the punishment attached to the defendant's crimes." Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (citing Weaver v. Graham, 450 U.S. 24, 29, (1981) and California Dept. of Corrections v. Morales, 514 U.S. 499, 509 (1995) ("Morales")). In this case, the statute and regulations reducing the size of the Board and requiring a simple majority to deny re-release on parole were applied retroactively, as Oregon law required four votes of the Board to deny re-release at the time of petitioner's offenses. Thus, petitioner must establish that authorizing the denial of re-lease on parole based on a simple majority vote created a "sufficient risk" of increasing his punishment.

In finding that petitioner failed to raise a substantial question of law, the Court of Appeals relied on its previous holding in Butler, where it held that the retroactive application of amendments reducing the number of Board members and votes to deny re-release did not violate the *ex post facto* provisions of the Oregon and United States Constitutions. See Butler, 194 Or. App. at 170-73, 94 P.3d at 149. A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in a state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

6 - OPINION AND ORDER

proceeding." 28 U.S.C. § 2254(d)(1) and (2); see also Lockyer v. Andrade, 538 U.S. 63 (2003).

Butler presented the same issue raised in this case. There, the petitioner argued that Or. Rev. Stat. § 144.005(1) and Or. Admin. R. 255-075-0096 violated *ex post facto* prohibitions under the Oregon and United States Constitutions by authorizing the denial of re-release on parole "by majority of a three-person board rather than the concurrence of four members of a five-person board." 194 Or. App. at 166, 94 P.3d 149. The Oregon Court of Appeals, citing extensive Supreme Court precedent, found "petitioner's assumption" that "the reduction in of board members . . . made it easier . . . to increase petitioner's punishment" to be "speculative." Id. at 167, 172-73, 94 P.3d 149 (citing Garner v. Jones, 529 U.S. 244, 252 (2000), Morales, 514 U.S. at 508-09, and Dobbert v. Florida, 432 U.S. 282, 294 (1977)). "There is no way of knowing whether the outcome of the board's re-release decision would have been different under the former structure from the decision it made under the current regime." Id. at 173, 94 P.3d 149. I do not find Butler contrary to or an unreasonable application of established federal law.

In Morales, a California statute changed the frequency of reconsideration for parole from every year to up to every three years for prisoners convicted of more than one homicide. Morales, 514 U.S. at 503. The Supreme Court found no *ex post facto*

7 - OPINION AND ORDER

violation, emphasizing that not every retroactive procedural change that creates some risk of affecting a prisoner's term of confinement is prohibited by the Constitution. Id. at 508-509. Rather, the Court held that the ultimate question is whether retroactive application of a change in the relevant law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." Id. at 509.

As in Morales, changing the number of Board members and the votes required to deny re-release had no effect on the sentencing range applicable to petitioner's crimes or the standards for determining whether petitioner was eligible for re-release. Morales, 514 U.S. at 507-08; see also Johnson v. Gomez, 92 F.3d 964, 967 (9th Cir. 1996) (finding no *ex post facto* violation where changes in the law "simply remove[d] final parole decisionmaking authority from [the parole board] and place[d] it in the hands of the governor"). Thus, petitioner's argument rests on the presumption, as asserted in Butler, that authorizing the denial of re-release on parole by simply majority of a three-member Board creates a risk that re-release will be more difficult to obtain.

While changes to Board membership "might create some speculative, attenuated risk of affecting [petitioner]'s actual term of confinement by making it more difficult for him to make a persuasive case for early release, . . . that fact alone cannot end the matter for *ex post facto* purposes." Morales, 514 U.S. at 508-

09. Given petitioner's record and criminal history, I find that "[t]he amendment creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes." Morales, 514 U.S. at 509. Petitioner repeatedly reoffended and possessed firearms almost immediately after being released on parole for serious and violent offenses. Therefore, petitioner fails to establish "with assurance" that - as applied to the facts of his offenses - he would have been granted re-release by a Board comprised of five members. Johnson, 92 F.3d at 968 (quoting Dobbert, 432 U.S. at 294 & n.7).[2]

Moreover, as noted by Butler, if this court upheld petitioner's challenge, I "would disregard the Court's admonition against 'micromanagement of an endless array of legislative adjustments to parole and sentencing procedures.'" Butler, 194 Or. App. at 173, 94 P.3d 149 (quoting Garner, 529 U.S. at 252); see also Morales, 514 U.S. at 508 ("Under respondent's approach, the judiciary would be charged under the *Ex Post Facto* Clause with the micromanagement of an endless array of legislative adjustments to parole and sentencing procedures, including such innocuous adjustments as changes to the membership of the Board of Prison Terms . . . .").

---

[2] For this reason, petitioner's alternative request for discovery is denied.

9 - OPINION AND ORDER

Accordingly, the decision of the Oregon Court of Appeals was not contrary to or an unreasonable application of established federal law, and the petition must be denied.

## CONCLUSION

For the reasons set forth, the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (doc. 1) is DENIED, and this case is DISMISSED.  IT IS SO ORDERED.

Dated this  12  day of December, 2007.


            /s/ Ann Aiken
             Ann Aiken
      United States District Judge